# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| KEVIN WOOTEN, an individual<br><br>*Plaintiff,*<br><br><br>v.<br><br><br><br>NETFLIX, INC., a Delaware corporation, DANIEL S. BURKE, an individual, JONAS J. PATE, an individual, and JOSHUA W. PATE, an individual<br><br>*Defendants.* | Case No.:<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

Plaintiff Kevin Wooten ("Mr. Wooten") brings this action at law for copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, against Defendants Netflix, Inc., Daniel S. Burke, Jonas J. Pate, and Josh W. Pate (collectively, the "Defendants") for monetary damages pursuant to 17 U.S.C. § 504 and attorney's fees pursuant to 17 U.S.C. § 505.

## NATURE OF COMPLAINT

This is an action in which Mr. Wooten seeks statutory damages, punitive damages, attorney's fees and costs, and other necessary and proper relief for Defendants' infringement of Mr. Wooten's copyrighted novel *Pennywise: The Hunt for Blackbeard's Treasure!* (the "Novel").

## PARTIES

1.     Mr. Wooten, an individual who resides and is domiciled in Hamptonville, North Carolina.

2.     Defendant Netflix, Inc. ("Netflix") is a corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business at 5808 Sunset Blvd., 11th Floor, Los Angeles, California, 90028.

3.     Upon information and belief, Defendant Daniel Shannon Burke ("Mr. Burke") is an individual who resides and is domiciled in Knoxville, Tennessee.

4.     Upon information and belief, Defendant Jonas James Pate ("Mr. Jonas Pate") is an individual who resides and is domiciled in Wilmington, North Carolina.

5.     Upon information and belief, Defendant Josh Warren Pate ("Mr. Josh Pate") is an individual who resides and is domiciled in Hailey, Idaho.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; Article I, § 8, cl. 8 of the U.S. Constitution); and § 1338 (exclusive original jurisdiction over claims arising under the Copyright Act). This Court has supplemental jurisdiction over Plaintiff's state law claims based on 28 U.S.C. § 1367.

7.     This Court has personal jurisdiction over the Defendants because, upon information and belief, each Defendant has established sufficient contact with this state and purposefully availed themselves of the laws of this state by violating Mr. Wooten's copyright interests in the Novel and by directing the distribution and sale of the infringing series *Outer Banks* to the residents of this state, sufficient to permit and justify the exercise of personal jurisdiction over each.

8.     The Northern District of Georgia is a proper venue for the adjudication of this dispute pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400.

## FACTUAL ALLEGATIONS

9.     Mr. Wooten, a high school English instructor and creative writing teacher, is the exclusive author, owner, and administrator of the copyright in and to

the Novel. A true and accurate copy of Mr. Wooten's copyright Certificate of Registration is attached as **Exhibit A**.

10.   Mr. Wooten published the Novel on May 8, 2016 after years of researching and developing creative expression by studying, practicing, and refining his creative writing skills.

11.   The Novel is a fictional adventure/mystery story set in the outer banks of North Carolina, where a group of young adults overcome dangerous and challenging obstacles in following clues to a hidden treasure recovered from a fabled shipwreck.

12.   Since as early as June of 2016, Mr. Wooten has actively promoted the sale of the Novel to target young adults by making the Novel widely available at an affordable price.

13.   Specifically, Mr. Wooten commercially advertised the Novel through paid advertising on the following customary literary outlets: (1) Amazon.com; (2) Amazon.co.uk; (3) North Carolina Maritime Museum in Beaufort's Facebook Page; and (4) various literary-oriented Facebook groups including (i) YA Sci-Fi and Fantasy Readers; (ii) Sell Books Online; (iii) Advertise Your Books; (iv) Pimp Your Books; and (v) Kindle Book Promotions.

14.     Mr. Wooten has sold hundreds of digital copies of the Novel to readers via Amazon.com, Google Books, Bookmeter.com, and AbeBooks.com.

15.     Additionally, Mr. Wooten has sold hundreds of physical copies of the Novel, including confirmed purchases in and around Wilmington, North Carolina.

16.     On April 15, 2020, Netflix released and distributed the first season of the television series *Outer Banks* (the "Series").

17.     The Series is also about a group of young adults overcoming dangerous and challenging obstacles while following clues to a hidden treasure recovered from a fabled shipwreck.

18.     The co-creators of the Series, Defendants Mr. Burke, Mr. Jonas Pate, and Mr. Josh Pate, told *Star News Online* in an interview that they were inspired to write the Series based on inspiration from third-party adventure novels. A true and accurate copy of the *Star News Online* article is attached as **Exhibit B**.

19.     Furthermore, Mr. Jonas Pate and Mr. Josh Pate also stated in that interview that they were inspired to write the Series by their time spent in Wilmington, North Carolina, the same city in which Mr. Wooten sold physical copies of the Novel.

20.     Given that the Defendant co-creators Mr. Jonas Pate and Mr. Josh Pate reside in Wilmington, North Carolina, where digital and physical copies of the Novel are available, it is likely the Defendant co-creators had access to the Novel.

21.     Even in the absence of proving access, evidence of striking similarity is present between the works.

22.     The Series is strikingly similar to the Novel in its plot, locations, protagonists, antagonists, and scenes. A chart of the similarities citing chapters from the Novel and episodes from the Series is attached as **Exhibit C**.

23.     In particular, both the Novel and the Series share the following similarities: (1) both take place in the outer banks of North Carolina; (2) both consist of a group of four protagonists where two characters have similar upbringings and absent parents, the third character is studious and throws away his chance at academia, and the fourth character is fiercely protective of the group; (3) both include antagonists consisting of a rich benefactor and a corrupt member of law enforcement; (4) both groups of protagonists discover similar rounds objects at the bottom of the ocean, which leads them to more clues including old portraits, churches, mausoleums, and eventually the treasure in a recess of a shaft; and (5) both

groups of protagonists leave the treasure behind only to have it stolen by the antagonists.

24.     Indeed, the overwhelming similarities shown in **Exhibit C** prove the Defendants had access to the Novel because the Series is strikingly similar to Mr. Wooten's original and creative choice of words, facts, subject matter, structure, and core creative expression.

25.     Consequently, such subsequent creation of the Series after exposure to the Novel was willful.

26.     Additionally, the Series is a commercial, for-profit Netflix series that targets and reaches identical consumers to those of the Novel at a much broader and faster rate.

27.     Given that the Series focuses on the same target market as the Novel, the distribution of the Series not only impacts the Novel's sales, but also impacts the continuing value of the Novel, as members of the targeted audiences that have read both the Novel and watched the Series are more susceptible to erroneously concluding that the Series constitutes a new creative expression of Mr. Wooten's themes and arrangement.

28.     On July 24, 2020, Netflix confirmed that Season 2 of the Series is in the works.

29.     Accordingly, the Defendants intend to continue infringing on Mr. Wooten's copyrights in the Novel.

<u>**COUNT I**</u>

<u>**COPYRIGHT INFRINGEMENT 17 U.S.C. § 501**</u>

30.     Mr. Wooten repeats and incorporates by reference the allegations in Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.     In order to establish a prima facie case of copyright infringement, a plaintiff must demonstrate the following: (1) ownership of a valid copyright; and (2) copying of constituent elements of the protected work that are original. *Roberts v. Gordy*, 877 F.3d 1024 (11th Cir. 2017).

32.     A certificate of registration shall constitute prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c).

33.     When there is no direct evidence of copying, circumstantial evidence may be used to show copying. Such circumstantial evidence includes: (1) proof of access to the infringed work; or (2) in the absence of proof of access, a "striking similarity" between the works. *Collective v. Pucciano*, 247 F. Supp. 3d 1322 (N.D.

Ga. 2017). Striking similarity exists where the proof of similarity in appearance is "so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded." *Id.*

34.     As to the first element of copyright infringement, Mr. Wooten owns a valid Copyright Registration in the Novel as evidenced in **Exhibit A**.

35.     The Novel is an original work of authorship, and Mr. Wooten is the sole and exclusive owner of all right, title, and interest in and to the copyright in the Novel, as evidenced by his copyright Certificate of Registration in **Exhibit A**.

36.     As to the second element of copyright infringement, the Defendants' copying of the work is shown by the striking similarities between the works as evidenced in the chart of similarities attached hereto as **Exhibit C**.

37.     Indeed, the Series is substantially and strikingly similar to the Novel in its plot, locations, protagonists, antagonists, and scenes, constituting an unlawful derivative work.

38.     Additionally, Defendant co-creators of the Series, Mr. Burke, Mr. Jonas Pate, and Mr. Josh Pate likely had access to the Novel as evidenced by their statements to *Star News Online* that they sourced material for the Series from other

authors' adventure novels and their time spent in Wilmington, North Carolina, the same city in which Mr. Wooten has sold digital and physical copies of his Novel.

39.     Each of the Defendants has acted directly, and in cooperation with the other Defendants, in the unauthorized copying, reproduction, distribution, and creation of a derivative work by misappropriation of the constituent, protectable elements of Mr. Wooten's original Novel.

40.     Such blatant adoption, duplication, and striking similarities of the most important aspects of the Novel are readily apparent to the ordinary observer.

41.     Furthermore, the Series' large-scale incorporation of the Novel's core elements and themes evidence the Defendants' purposeful intent to achieve market substitution in violation of Copyright laws.

42.     Given the serious violations of Mr. Wooten's copyright in the Novel and the Series' focus on the same target market, the distribution of the Series not only impacts the Novel's sales, but also impacts the continuing value of the Novel as members of the targeted audiences that have read both the Novel and watched the Series are more susceptible to erroneously concluding that the Series constitutes a new creative expression of Mr. Wooten's themes and arrangement.

43.     Without authorization and in blatant violation of Mr. Wooten's exclusive rights as the author of the Novel under the Copyright Act of 1976, 17 U.S.C. § 501, Defendants, acting individually and/or jointly, willfully copied, distributed, and otherwise infringed on Mr. Wooten's intellectual property interests in the Novel.

44.     As a result of Defendants' willful acts of infringement alleged herein and in accordance with Section 504(b) of the Copyright Act, 17 U.S.C. § 504(b), Mr. Wooten is entitled to recover from Defendants, jointly and severally, the damages he has suffered as a result of the Defendants' infringement of the Novel.

45.     In accordance with 17 U.S.C. § 504, Mr. Wooten is entitled to elect actual damages or statutory damages, including enhanced damages for willful infringement and attorney's fees, set by the Court and hereby explicitly elects to recover actual damages.

## COUNT II
## PUNITIVE DAMAGES O.C.G.A. § 13-6-11

46.     Mr. Wooten repeats and incorporates by reference the allegations in Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.     Under Georgia law, punitive damages may be awarded in tort cases in which it is proven by clear and convincing evidence that such tortious actions were willful, malicious, fraudulent, wanton, oppressive, or that the entire want of care would raise the presumption of conscious indifference to consequences. O.C.G.A. § 51-12-51 (b).

48.     The Defendants acted willfully, maliciously, fraudulently, wantonly, oppressively, or with entire want of care that would raise a presumption of conscious indifference to any consequences when the Defendants willfully copied the protectable elements of Mr. Wooten's original Novel.

49.     Mr. Wooten should be awarded punitive damages for Defendants' willful copying of the protectable elements of Mr. Wooten's original Novel.

## COUNT III
## ATTORNEY'S FEES & COSTS

50.     Mr. Wooten repeats and incorporates by reference the allegations in Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.     In any civil action under Title XVII, the court may allow recovery of full costs by or against any party, and the court may also award reasonable attorney's fees to the prevailing party as part of the costs. 17 U.S.C. § 505.

52.     Under Georgia law, a jury may allow an award of attorney's fees if the party seeking the award has specially pleaded such an award and the party from whom attorney's fees are sought has acted in bad faith, been stubbornly litigious, or caused unnecessary trouble and expense. O.C.G.A. § 13-6-11.

53.     The Defendants acted in bad faith when they willfully infringed Mr. Wooten's copyrighted Novel.

54.     Mr. Wooten specifically alleges entitlement to an award of costs and attorney's fees associated with the prosecution of his rights in this action, pursuant to the Copyright Act of 1976, 17 U.S.C. § 505, Georgia Statute O.C.G.A. § 13-6-11, and any other applicable provision therein.

## **JURY DEMAND**

Mr. Wooten respectfully demands a trial by jury for all issues and claims so triable in this civil action.

## **RELIEF REQUESTED**

WHEREFORE, Mr. Wooten respectfully requests the Court to enter judgment in its favor and grant Mr. Wooten the following relief:

A. That Mr. Wooten be awarded actual damages, including Defendants' profits, for infringement under the Copyright Act of 1976, 17 U.S.C. § 504

*et seq.*, on all claims asserted herein in an amount adequate to compensate him for the injuries and violations of his rights sustained by reason of Defendants' conduct as alleged herein, and that Defendants be held jointly and severally liable unto Mr. Wooten for such damages;

B.  That Mr. Wooten be awarded reasonable attorney's fees and court costs pursuant to the Copyright Act of 1976, 17 U.S.C. § 505 and O.C.G.A. § 13-6-11;

C.  That Mr. Wooten be awarded interest, including prejudgment interest, on the foregoing sums;

D.  That Mr. Wooten be awarded an ongoing royalty for any post-judgment infringing acts by the Defendant;

E.  A single-card credit within the first three cards of the end credits of each episode of the Series, such card to read, "Story by Kevin Wooten, based upon the novel *Pennywise: The Hunt for Blackbeard's Treasure!*" The card shall be included retroactively in all episodes already published and distributed, to the extent practicable, and prospectively for all future episodes of the Series; and

F.  That Mr. Wooten be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted this 21st day of December, 2020.

**/Marcy L. Sperry/**
Marcy L. Sperry, Esq.
Georgia Bar No. 455561
marcy@vividip.com
Melissa F. Castro, Esq.
Georgia Bar No. 384781
melissa@vividip.com

Sperry IP Law d/b/a Vivid IP
3017 Bolling Way, NE
Atlanta, Georgia 30305
(404) 474-1600

*Attorneys for Plaintiff*

## <u>CERTIFICATION UNDER LOCAL RULE 7.1(d)</u>

Pursuant to Local Rule 7.1(d), the undersigned hereby certifies that the foregoing filing is a computer-generated document, prepared in Times New Roman, 14-point font, in accordance with Local Rule 5.1(c).

Respectfully submitted this 21st day of December, 2020.

**/Marcy L. Sperry/**
Marcy L. Sperry, Esq.
Georgia Bar No. 455561
marcy@vividip.com
Melissa F. Castro, Esq.
Georgia Bar No. 384781
melissa@vividip.com

Sperry IP Law d/b/a Vivid IP
3017 Bolling Way, NE
Atlanta, Georgia 30305
(404) 474-1600

*Attorneys for Plaintiff*